IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00659-CMA-KLM

GLOBAL IMAGING ACQUISITIONS GROUP LLC,

     Plaintiff,

v.

AMERISOUND MEDICAL, and
KEVIN EVEN,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendants' **Unopposed Motion to Stay** [#24][1]

(the "Motion to Stay").  Defendants ask the Court to stay all proceedings in this case until

after a ruling has issued on the pending Motion to Dismiss for Lack of Standing [#20] (the

"Motion to Dismiss"), filed on May 4, 2018.

     Although the stay of proceedings in a case is generally disfavored, the Court has

discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp.*

*v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June

6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted));

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL

894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was

_____

    [1]  "[#24]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  This convention is used throughout this Order.

appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (stating that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action"); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, Plaintiff apparently would not suffer prejudice as a result of staying

-2-

these proceedings, as Plaintiff is unopposed to the Motion to Stay [#24].  As Defendants assert, all parties would benefit from avoiding potentially unnecessary discovery expenses. *See Motion to Stay* [#24] at 4.  The Court therefore finds that the first *String Cheese Incident* factor weighs in favor of a stay.

With regard to the second factor, Defendants represent that they will be burdened by the discovery process because they "are an individual and a small business whose financial health could be endangered by proceeding with this action." *Motion to Stay* [#24] at 4.  Indeed, unnecessary discovery would impose an unnecessary burden on Defendants. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of a stay.

With regard to the third factor, it is certainly more convenient for the Court to impose a stay until it is clear that the Court has subject matter jurisdiction over this case.  *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").

With regard to the fourth factor, there are no identified nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the parties and the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Weighing the relevant factors, the Court concludes that staying these proceedings

pending resolution of Defendants' Motion to Dismiss [#20] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#24] is **GRANTED**, except as necessary to complete briefing on the Motion to Dismiss [#20].

IT IS FURTHER **ORDERED** that the Scheduling Conference set for August 20, 2018, at 10:00 a.m. and all associated deadlines are **VACATED**.


DATED: June 26, 2018 at Denver, Colorado

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge